**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MOHAMMAD Y BEG,

                Plaintiff,                      **MEMORANDUM OF
                                                     DECISION AND ORDER**
           -against-                    16-cv-3807 (ADS) (SIL)

ELIAS PROPERTIES VALLEY STREAM 500
SUNRISE, LLC, TARGET CORPORATION,

                Defendants,
---------------------------------------------------------X
---------------------------------------------------------X
TARGET CORPORATION,

                Third Party Plaintiff,

           -against-

FERRANDINO & SON, INC., TARR'S SNOW
REMOVAL, LLC,

                Third Party Defendants.
---------------------------------------------------------X
**APPEARANCES:**

**Law Office of John Mandell**
*Attorneys for the Plaintiff*
29 Broadway
Lynbrook, NY 11563
        By:    Jonathan D. Mandell, Esq.,
                Max A Wolfson, Esq., Of Counsel

**Simmons Jannace DeLuca, LLP**
*Attorneys for the Defendants*
43 Corporate Drive
Hauppauge, NY 11788-2048
        By:    Sal F. DeLuca, Esq.,
                Daniel Robert Strecker, Esq., Of Counsel

**Milber, Makris, Plousadis & Seiden LLP**
*Attorneys for Ferrandino & Son, Inc.*
1000 Woodbury Road
Suite 402
Woodbury, NY 11797
    By:    Neil Patrick Diskin, Esq.,
           John Patrick Grisafi, Esq., Of Counsel

**Gambeski & Frum**
*Attorneys for Tarr's Snow Removal, LLC*
565 Taxter Road
Suite 150
Elmsford, NY 10523
    By:    George P. Gambeski, Esq., Of Counsel


**SPATT, District Judge**:

The Defendant Target Corporation ("Target") removed this breach of contract action from New York State Supreme Court, Nassau County pursuant to 28 U.S.C. § 1332, claiming that the Court has jurisdiction based on complete diversity. Presently before the Court is a motion by the Plaintiff Mohammad Y Beg (the "Plaintiff") to join third party Defendants Ferrandino & Son, Inc. ("F&S"), and Tarr's Snow Removal LLC ("Tarr's") as defendants pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 20; and to remand the case back to state court. For the following reasons, the Plaintiff's motion is granted in its entirety.

## I. BACKGROUND

**A. The Relevant Facts**

The Plaintiff is a resident of New York State. Target is incorporated, and maintains its principal place of business in the state of Minnesota. Elias is a domestic corporation.

On March 21, 2015, the Plaintiff slipped and fell in the parking lot of 500 Sunrise Highway, which is allegedly owned by the Defendant Elias Properties Valley Stream 500 Sunrise LLC ("Elias"), and rented by Target. The Plaintiff claims that he sustained serious physical injuries,

2

but does not state what those injuries are. Nor does the complaint state what condition in the parking lot caused the Plaintiff to slip and fall. However, according to the Plaintiff's bill of particulars, the Plaintiff fell on some snow and ice and sustained, among other injuries, a fractured left femoral shaft which required surgery.

Target alleges that F&S was responsible for removing snow and ice from the parking lot on March 21, 2015. Target further states that it had a contract with F&S which required that F&S obtain insurance and indemnify Target.

Purportedly, on the date of the alleged incident, F&S subcontracted with Tarr's to have Tarr's remove the snow and ice from the location. F&S and Tarr's are both domestic corporations.

**B. Relevant Procedural History**

On July 16, 2015, the Plaintiff filed his complaint in the Supreme Court of the State of New York, Nassau County. The Plaintiff alleged that he was injured while on premises owned by the Defendants Target and Elias Properties Valley Stream 500 Sunrise, LLC ("Elias"). The Plaintiff's complaint does not enumerate or in any way clearly delineate what causes of action he seeks to pursue against each of the Defendants. It appears that the Plaintiff intends to proceed under various theories of common law negligence.

On July 20, 2016, Target removed this case from the Supreme Court of the State of New York, Nassau County.

When it removed the case, Target admitted that Elias was a domestic corporation. However, Target argued in its notice of removal that "plaintiff sued Elias solely in an effort to destroy diversity jurisdiction as Elias is an out-of-possession landlord that did not [] ha[ve] [any] obligation to . . . remove snow/ice from the parking lot where plaintiff allegedly fell . . . ." (Target's Notice of Removal at ¶ 8). Target claimed that it was solely responsible for maintaining

3

the parking lot, and that Elias was an out of possession landlord. Although it does not appear that Target included its lease with Elias in its notice of removal, it did include a copy of the lease in its memorandum in opposition to the Plaintiff's motion to remand.

On July 28, 2016, Target filed a third party complaint against Ferrandino & Son, Inc. ("F&S"), and Tarr's Snow Removal, LLC ("Tarr's"), and filed an amended third party complaint against the same parties on September 21, 2016. Target's complaint lists five claims against F&S, and five claims against Tarr's. Target's causes of action sound in various theories of contract, indemnification, and contributory negligence.

On September 6, 2016, the Plaintiff filed a motion to remand the case back to New York State Supreme Court, Nassau County and to join F&S and Tarr's (the "third party defendants" or the "proposed defendants") as Defendants in the action.

Through a misunderstanding of this Court's individual rules, which state that briefing schedules are defined by the Local Rules of the Eastern District of New York and the Federal Rules of Civil Procedure, the motion was not fully briefed until April 20, 2017.

Tarr's does not oppose joinder or remand. F&S opposes joinder, but does not oppose remand.

## II. DISCUSSION

### A. As to the Plaintiff's Motion for Joinder

#### 1. The Legal Standard

Rule 20, "Permissive Joinder of Parties" states:

Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

4

FED. R. CIV. P. 20(a)(2). "In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true. The plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) (internal citations omitted). Some courts hold that the Plaintiff's burden is equal to the pleading standard, and will therefore scrutinize the motion to join under the Rule 12(b)(6) standard. Joinder may be denied as futile if the proposed pleading would not withstand a motion to dismiss pursuant to Rule 12(b)(6). *Lawrence v. Starbucks Corp.*, No. 08 CIV. 3734 LTS/JCF, 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) (citing *Oneida Indian Nation of New York v. City of Sherill,* 337 F.3d 139, 168 (2d Cir. 2003), *rev'd on other grounds,* 544 U.S. 197 (2005); *Smith v. CPC International, Inc.,* 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000)); *see also Gunderson Amazing Fireworks, LLC v. Merrick Bank*, No. 12-CV-3869(JS)(AKT), 2017 WL 1207556, at *4 (E.D.N.Y. Mar. 30, 2017) (stating that when deciding whether to permit joinder, Courts deny such motions based on futility, which is scrutinized under the Rule 12(b)(6) standard).

The purpose of Rule 20 is to promote "trial convenience and to expedite the final determination of disputes." *Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012) (Spatt, J.) (internal citations and quotations omitted). "The requirements of FED. R. CIV. P. 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Viada v. Osaka Health Spa, Inc.,* 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (internal citations and quotation marks omitted). "Because federal courts should entertain the broadest possible scope of an action consistent with fairness to the parties, the joinder of claims, parties and remedies is strongly encouraged." *M.S.S. Const. Corp. v. Century Sur. Co.*, No. 15 CIV. 2801 ER,

2015 WL 6516861, at *6 (S.D.N.Y. Oct. 28, 2015) (internal citations, quotation marks, and alterations omitted).

The Plaintiff seeks to join two domestic corporations. The removal statute states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A court thus has discretion to decide whether to allow joinder of such parties. *Juliano v. Toyota Motor Sales, U.S.A., Inc.*, 20 F. Supp. 2d 573, 575 (S.D.N.Y. 1998) (citing *Rosenthal v. Life Fitness Co.,* 977 F. Supp. 597, 599–600 (E.D.N.Y.1997); *Lederman v. Marriott Corp.,* 834 F. Supp. 112, 114 (S.D.N.Y. 1993)).

"It is also necessary to consider whether 'permitting joinder [under § 1447(e)] will comport with principles of fundamental fairness.'" *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (quoting *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 923 (S.D.N.Y. 1995)). The following factors are generally considered: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend." *Id.* (*citing Dinardi v. Ethicon, Inc.,* 145 F.R.D. 294, 297 (N.D.N.Y. 1993); *Gursky v. Northwestern Mut. Life Ins. Co.,* 139 F.R.D. 279, 282 (E.D.N.Y. 1991)).

**2. Application to the Facts**

The Defendants and F&S argue that the Plaintiff cannot state a claim against the proposed defendants. As stated above, this is the more stringent standard applied by some courts instead of merely inquiring whether "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence . . . ." FED. R. CIV. P.

20. Nevertheless, the Court believes that the Plaintiff's motion must be granted under either standard.

### a. As to Whether the Plaintiff's Claims Arise Out of the Same Transaction or Occurrence

Here, the Plaintiff's claims against the Defendants as well as the proposed defendants arise out of the same occurrence—the slip and fall on the snow in the parking lot; and he seeks to hold them jointly and severally liable with claims sounding in negligence. As the proposed defendants were the corporations tasked with clearing the snow, clearly whether or not they were negligent will be at the heart of the matter. *See Hosein v. CDL W. 45th St., LLC*, No. 12 CIV. 06903 LGS, 2013 WL 4780051, at *4 (S.D.N.Y. June 12, 2013) ("[The proposed defendants] could not be more central to the 'occurrence' that gave rise to the action. And since the original Defendants' [] [] liability depends on whether the [contractors] they employed were negligent, many, if not most, of the questions of law and fact will be common to all defendants."

### b. As to whether the Plaintiff's Motion to Join the Proposed Defendants is Futile

Proposed amendments are futile when they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

Under the *Bell Atlantic v. Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). The Second Circuit

has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

As the Plaintiff seeks to hold the proposed defendants liable for negligence, he must show "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Merges v. Aramark Corp.*, No. 08-CV-6250, 2012 WL 1113627, at *4 (W.D.N.Y. Mar. 30, 2012) (quoting *Akins v. Glens Falls City Sch. Dist.,* 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (N.Y. 1981)). The Defendants and F&S argue that the proposed defendants did not owe a duty of care to the Plaintiff.

The seminal New York State case on third party negligence is *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136, 773 N.E.2d 485 (N.Y. 2002). In *Espinal*, the plaintiff also sought to hold a contractor liable for negligence who had removed snow on property owned by a third party. *Id.* at 138. The court identified three situations where a contracting party may have assumed a duty to a third party and therefore potentially be found liable in tort:

> (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely.

*Id.* at 140 (internal citations, quotation marks, and alterations omitted).

8

Here, the Plaintiff seeks to rely on (1) or (3). While the Court is doubtful that the Plaintiff may proceed under the first prong of Espinal, the Court finds that the Plaintiff has plead sufficient facts under the third prong.

As to the "launch[] [of] a force or instrument of harm," *id.*, "[a] person does not unleash a force of harm when the purpose of the contractual obligation he is undertaking is to mitigate a preexisting risk," *Dillon v. U.S.A.*, No. 10-CV-6112T, 2012 WL 2923357, at *3 (W.D.N.Y. July 18, 2012) (citing *Church ex rel. Smith v. Callanan Indus., Inc.*, 99 N.Y.2d 104, 111–12, 782 N.E.2d 50, 53 (N.Y. 2002)). "In the context of snow removal, a person 'cannot be said to have created or exacerbated a dangerous condition' even if 'residual snow and ice' remain after plowing." *Id.* (quoting *Espinal*, 98 N.Y.2d at 141–42. Therefore, even if the Court were to liberally construe the Plaintiff's motion to say that the proposed defendants left snow on the ground after they plowed, this is an insufficient showing for the purposes of pleading that they launched a force of instrument or harm.

However, as to whether the proposed defendants entirely displaced Target's duty to maintain the premises safely is a question of fact. The Defendants' own third party complaint, incorporated into the Plaintiff's motion for joinder as an exhibit, states that F&S and Tarr's were responsible for snow and ice removal at the premises. While the Defendants and F&S supply numerous exhibits purporting to illustrate that neither F&S nor Tarr's completely subsumed the duties of keeping the parking lot safe, the Court finds that consideration of those exhibits is improper at this time.

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be

taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

However, when a party submits additional evidence to the Court in connection with a motion to dismiss, beyond the scope of those allowed under *Brass* and *Cortec*, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R .Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)); *see also* Fed. R. Civ. P. 12(b); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366.

Here, there is no evidence that the Plaintiff relied upon or had knowledge of the contracts between Target and the third party defendants. Accordingly, the Court will not consider those documents at this juncture. The Court notes that even if it were to consider those documents, the Court would also need inquire into the course of conduct of the proposed defendants. *See Santorelli v. Crothall Servs. Grp., Inc.*, No. 15-CV-978 (NG) (RLM), 2017 WL 728227, at *10 (E.D.N.Y. Feb. 23, 2017) (denying summary judgment for contracting defendants where a question of fact remained whether they had displaced the owner's duty to keep the premises safe, even where the court was able to review the contract)

Therefore, the Court finds that the Plaintiff has plead sufficient facts for the Court to plausibly find that Tarr's and F&S owed the Plaintiff a duty. The Plaintiff has sufficiently alleged that the proposed defendants breached that duty by leaving snow and/or ice on the ground in the parking lot, and that their breach caused his injuries.

Accordingly, the Court finds that the Plaintiff has satisfied the requirements of Rule 20, including whether he has claims upon which relief can be granted, and turns to whether joinder would comport with fundamental principles of fairness.

### c. As to whether Joinder Would Comport with fundamental principles of fairness

"The first factor, delay and the reason for any delay, is measured from the date of removal." *M.S.S. Const.*, 2015 WL 6516861, at *7. The Plaintiff's formal motion to join was filed on September 6, 2016, which is only two months after the notice of removal. However, the Plaintiff filed a letter motion, which was denied by the Court without prejudice, on August 4, 2016. The Court finds that the Plaintiff has presented good reason for the delay in that the Plaintiff did not know the identities of the proposed defendants until the Defendants interplead them as third party defendants.

Neither the proposed defendants nor the Defendants will be prejudiced by this joinder. The proposed defendants were already parties to the action because they were heretofore third-party defendants. There has been no discovery in this action as of the date of this decision.

"Where, as here, the cases arise from the same transaction and are governed by the same state law, courts generally find that this factor weighs in favor of remand in the interest of judicial economy." *Vanderzalm*, 875 F. Supp. 2d at 186 (citing *Mammano v. Am. Honda Motor Co., Inc.,* 941 F. Supp. 323, 325 (W.D.N.Y. 1996); *Carter v. Dover Corp., Rotary Lift Div.,* 753 F. Supp. 577, 580 (E.D. Pa. 1991)).

Finally, in the Court's view, the Plaintiff's motivation is an attempt to bring claims against all parties who may be liable for his slip and fall. As mentioned above, none of the parties claim that the Plaintiff is seeking to fraudulently add the proposed defendants.

Therefore, the Court finds that the Plaintiff's motion for joinder meets the standard of Rule 20 and also comports with fundamental principles of fairness.

### III. CONCLUSION

Therefore, for the reasons stated above, the Plaintiff's motion to join Tarr's and F&S pursuant to Rule 20 is granted. The joinder of Tarr's and F&S destroys diversity and the Court's sole jurisdiction over the matter. Accordingly, the Plaintiff's motion to remand the case back to New York State Supreme Court, Nassau County is also granted. The Clerk of the Court is directed to add F&S and Tarr's as defendants to the action and remand this case to the Supreme Court of the State of New York, County of Nassau.

It is **SO ORDERED:**

Dated: Central Islip, New York

May 5, 2017

                                                            ___/s/ Arthur D. Spatt___

                                                            ARTHUR D. SPATT

                                                            United States District Judge